UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

FILED

2010 SEP 24  P 2: 05

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **SIMHAH TAMAR**, an individual<br>809 Sledgehammer Dr.<br>Fredericksburg, VA 22405<br><br>**Plaintiff,**<br><br>v.<br><br>**GEICO Casualty Company**<br>5260 Western Ave.<br>Chevy Chase, MD 20815<br><br>Serve:<br>Joseph R. Thomas, 1345 Perimeter<br>Parkway, Virginia Beach, VA 23454<br><br>**GEICO Indemnity Company**<br>5260 Western Ave.<br>Chevy Chase, MD 20815<br><br>Serve:<br>Joseph R. Thomas, 1345 Perimeter<br>Parkway, Virginia Beach, VA 23454<br><br>**GEICO General Insurance Company**<br>5260 Western Ave.<br>Chevy Chase, MD 20815<br><br>Serve:<br>Joseph R. Thomas, 1345 Perimeter<br>Parkway, Virginia Beach, VA 23454<br><br>**Government Employees Insurance Co**<br>5260 Western Ave.<br>Chevy Chase, MD 20815<br><br>Serve:<br>Joseph R. Thomas, 1345 Perimeter<br>Parkway, Virginia Beach, VA 23454<br><br>Defendants. | Case No. 1:10CV1067-CMH/IDD |

1

## COMPLAINT

COMES NOW the Plaintiff, Simhah Tamar, and for her complaint against defendants, alleges as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the action arises under the laws of the United States, particularly the Civil Rights Act of 1964 (as amended), 42 U.S.C. §2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*, and over pendent state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. §1391, because defendants' offices where the claim arose are in this district, and all of the events giving rise to the claim occurred in this judicial district.

3. Plaintiff Simhah Tamar is a resident of Fredericksburg, Virginia.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant GEICO is incorporated under the laws of State of Maryland as Government Employees Insurance Company, and/or under the laws of State of Maryland as The GEICO Indemnity Company, and/or under the laws of State of Maryland as The GEICO Casualty Company, and/or under the laws of the State of Iowa as The GEICO General Insurance Company (individually and collectively, "GEICO" or "Defendants"). Plaintiff is informed and believes, and based thereon alleges, that each of the defendants has done business in Virginia at all relevant times, and has its principal place of business within the Commonwealth in Fredericksburg, Virginia; that each defendant does business under the trade name "GEICO"; and that each defendant is the agent of each other defendant for all purposes alleged in this complaint. Because of Defendants' use of the trade name GEICO, plaintiff has been unable to determine the precise identity of the defendant or defendants responsible for announcing the employment vacancies for which she

applied, and for rejecting her applications for employment.

5. Plaintiff exhausted her administrative remedies by filing an administrative charge of discrimination pursuant to Title VII within 180 days of her non-selection, in or about January, 2009. (Defendants responded to the charge of discrimination, and to all correspondence related to these claims, under the trade name "GEICO.") A Notice of Right to Sue was issued to Plaintiff on or about June 28, 2010, and received by her on or about August 10, 2010.

6. Plaintiff applied to work for Defendants as an insurance claims representative, and was interviewed on or about July 17, 2008. She was not selected for the position.

7. Plaintiff is African American, Jewish, and was 44 years old at the time of the non-selection.

8. In the course of her application, and in discussing scheduling with representatives of Defendants, she informed Defendants through their agent that she observes religious holidays, including the Jewish Sabbath (Saturday).

9. Defendants, through their managers and agents, informed Plaintiff that work on Saturdays was mandatory.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendants do not in fact maintain such a scheduling policy, or, in the alternative, that making exceptions for religious holy days of their employees, including Saturday and Sunday, would not pose an undue hardship for Defendants. Defendants provide insurance claims servicing 24 hours per day, 365 days per year. Defendants employ in excess of 500 persons.

11. Plaintiff has applied for similar positions with Defendants twice in the past. With each application, she was informed that she was fully qualified, but at no time has she been offered a position. In about January, 2009, Defendants made an unsolicited contact with Plaintiff in response to a resume which she had posted on an internet service. At that time,

3

Defendants again told her that she was qualified for the position, but did not hire her.

12. Defendants has given multiple reasons for not hiring Plaintiff at various times, including that she had not recently been employed, and that she was not a person "with tenure" (Plaintiff does not understand whether this was intended to refer to her past employment, her prospective employment by Defendants, some other aspect of her life, or was merely a *non sequitur*), that she had changed jobs too frequently, that she had gaps in her employment, that she had misdemeanor convictions in the distant past (which she had previously disclosed, explaining that they were related to a difficult domestic situation), and that Defendants suspected that plaintiff would have difficulty becoming licensed as a claims representative. Defendants have determined on at least three occasions, specified above, that Plaintiff was qualified for employment, with disclosure of sufficient facts relating to each of these assertions.

13. Plaintiff would have accepted employment with Defendants had it been offered, and intended at all times to work for Defendants indefinitely.

14. Plaintiff is informed and believes, and based thereon alleges, that Defendants continued to seek applicants after it rejected Plaintiff's application.

## Count I

### (Religious Discrimination)

15. Plaintiff incorporates by reference the allegations of paragraphs 1 through 14 as though fully set forth here.

16. Plaintiff is informed and believes, and based thereon alleges, that Defendants, after rejecting Plaintiff's application, hired a person or persons not in Plaintiff's protected class as an observant person of the Jewish faith. Plaintiff is informed and believes, and based thereon alleges, that in refusing to hire her, Defendants were substantially or predominantly motivated by her religion. Plaintiff is informed and believes, and based thereon alleges, in the alternative, that

4

in refusing to hire her, Defendants were substantially or predominantly motivated by her need for religious accommodation.

17. Plaintiff has suffered a loss of income as a result of her non-selection by Defendants.

## Count II

### (Race Discrimination)

18. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17 as though fully set forth here.

19. Plaintiff is informed and believes, and based thereon alleges, that Defendants, after rejecting Plaintiff's application, hired a person or persons not in Plaintiff's protected class as an African American, or, alternatively, an African American who is an observant member of the Jewish faith. Plaintiff is informed and believes, and based thereon alleges, that in refusing to hire her, Defendants were substantially or predominantly motivated by her race, or alternatively, by their unfamiliarity with persons who are both Jewish and African American, or by the perceived complexity of employing a person who was both Jewish and African American.

20. Plaintiff has suffered a loss of income as a result of her non-selection by Defendants.

21. Plaintiff has experienced severe emotional distress as a direct and proximate result of her non-selection, and has incurred attorneys' fees by reason of her non-selection.

## Count III

### (Age Discrimination)

22. Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 as though fully set forth here.

23. Plaintiff is informed and believes, and based thereon alleges, that she was not selected for employment in substantial part because of her age, in violation of the Age

Discrimination in Employment Act, 29 U.S.C. §621, *et seq*. Plaintiff is informed and believes, and based thereon alleges, that Defendants, after rejecting Plaintiff's application, hired a person or persons not in Plaintiff's protected class, that is, under the age of 40. Plaintiff is informed and believes, and based thereon alleges, that in refusing to hire her, Defendants were substantially or predominantly motivated by her age.

24. Plaintiff has suffered a loss of income as a result of her non-selection by Defendants.

WHEREFORE, plaintiff prays:

1. For a mandatory injunction that Defendants employ her forthwith on terms at least comparable to those offered to new employees with similar education and experience;

2. In the alternative, for a finding that Defendants are hostile to plaintiff and that her employment by Defendants would therefore not be feasible, and, accordingly, for an award of front pay in lieu of employment, for a reasonable period of time, according to proof at trial;

3. For back pay for discrimination in hiring in violation of the Civil Rights Act of 1964 (as amended);

4. For back pay for discrimination in hiring in violation of the ADEA;

5. For compensatory damages in an amount to be proved at trial;

6. For punitive damages by reason of Defendants's alleged wilfull, wanton and malicious conduct, according to proof at trial;

7. For reasonable attorneys' fees and costs; and

8. For such further relief as the Court deems just and proper.

Plaintiff Simhah Tamar:

_____
By counsel

Theodore S. Allison (VA Bar #40913)
Karr & Allison, P.C.
1300 19th Street, N.W., Suite 402
Washington, D.C. 20036

Telephone (202) 331-7600
Facsimile (202) 293-3999
E-mail tsallison@karrallison.com

Attorneys for plaintiff

**Demand for Jury Trial**

Plaintiff respectfully requests and demand trial by jury on all claims stated herein which by law may be tried to a jury pursuant to the Constitution and laws of the United States.

Plaintiff Simhah Tamar:

_____
By counsel

Theodore S. Allison (VA Bar #40913)
Karr & Allison, P.C.
1300 19th Street, N.W., Suite 402
Washington, D.C. 20036
Telephone (202) 331-7600
Facsimile (202) 293-3999
E-mail tsallison@karrallison.com

Attorneys for plaintiff