IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SIMHAH TAMAR, | * |
| Plaintiff, | * |
| v. | * Case No. 10-cv-01067-CMH-IDD |
| GEICO CASUALTY COMPANY, et al. | * |
| Defendants. | * |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants GEICO Casualty Company, GEICO Indemnity Company, GEICO General Insurance Company, and Government Employees Insurance Company, by their undersigned counsel, hereby answer Plaintiffs' Complaint and provide their Affirmative Defenses. Plaintiff's second claim for race discrimination and third claim for age discrimination are the subject of a Partial Motion to Dismiss, filed concurrently herewith.

### ANSWER

1. Defendants admit that the Court has subject matter jurisdiction over causes of action arising under the cited statutes, but deny that Plaintiff has a cognizable discrimination claim.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Upon information and belief, Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit that Government Employees Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company are incorporated under the laws of the State of Maryland. Defendants deny that GEICO General Insurance Company is incorporated under the laws of the State of Iowa. Defendants admit that each has done business in Virginia. Defendants deny that their principal place of business is within the Commonwealth in Fredericksburg, Virginia. Defendants admit that each has operated under and used the trade name "GEICO". Defendants deny that each Defendant is the agent of the other Defendant. All other allegations contained in Paragraph 4 are expressly denied.

5. Defendants do not have sufficient knowledge either to deny or admit the allegation regarding Plaintiff's receipt of the Notice of Right to Sue contained in Paragraph 5 of Plaintiff's Complaint, and therefore deny the same. Defendants admit the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit that Plaintiff applied for a position with Government Employees Insurance Company, was interviewed and ultimately was not selected for the position for which she applied, and deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint. Defendants further affirmatively state that the position for which Plaintiff applied was a Claims Service Representative, and that she was interviewed on July 16, 2008.

7. Upon information and belief, Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit that during her interview with a GEICO representative, Plaintiff stated that she could not work on Fridays and Saturdays because that was her Sabbath. All other allegations in Paragraph 8 are expressly denied.

9. Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, and further affirmatively state that Plaintiff was informed that scheduling accommodations could be made for applicants that successfully pass all parts of the interview process.

10. Defendants admit that they service insurance claims 24 hours a day, 365 days a year, that they employ in excess of 500 persons, and that they provide scheduling accommodations for religious needs where such accommodation does not pose an undue hardship. Defendants deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit that Plaintiff applied for similar positions with Defendant at least twice in the past and has not been offered a position. Defendants deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint. Defendants neither admit nor deny the allegations concerning an alleged "unsolicited contact" as Plaintiff has not identified who allegedly contacted her or the nature and substance of that contact.

12. Defendants admit that there are multiple reasons for why Plaintiff was not hired, including her employment history and her criminal background, and deny that she was qualified for the position.

13. Defendants do not have sufficient knowledge either to deny or admit the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore deny the same.

14. Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## Count I

15. As to Paragraph 15 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 14, above.

16. Defendants do not solicit information about applicants' religious beliefs, and therefore are unable to respond whether they have hired employees that either share or do not share Plaintiff's religious faith. Defendants deny the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants do not have sufficient knowledge either to deny or admit the allegations contained in Paragraph 17 of Plaintiff's Complaint, but deny they are legally responsible for any loss of income the Plaintiff may have incurred.

## Counts II and III

These claims are subject to a Partial Motion to Dismiss, being filed concurrently herewith. Defendants generally deny all allegations as to these claims.

With respect to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any of the relief alleged and prayed for therein.

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted, controverted or specifically denied herein. Defendants further deny that Plaintiff is entitled to any of the relief requested in her prayer for relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES TO COMPLAINT

1. GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company are not proper defendants.

2. Plaintiff has failed to state a claim for which relief may be provided.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred to the extent that she failed to exhaust her administrative remedies with respect to the allegations contained in her Complaint.

5. Plaintiff was not qualified for the position for which she applied.

6. Any conduct of Defendants with respect to Plaintiff has been based on legitimate, non-discriminatory reasons, and there is no basis for any claim against Defendants by Plaintiff.

7. Defendants have at all times relevant to the Complaint made good faith efforts to comply with their obligations under all applicable anti-discrimination laws.

### Reservation of Rights

Defendant reserves the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

Date: December 1, 2010

DEFENDANTS,
GEICO Casualty Company,
GEICO Indemnity Company,
GEICO General Insurance Company, and
Government Employees Insurance Company

By: /s/ Joel J. Borovsky

Joel J. Borovsky, VA Bar No. 76519
JACKSON LEWIS LLP
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
Telephone: (703) 483-8300
Fax: (703) 483-8301
borovsky@jacksonlewis.com

Bruce S. Harrison
Fiona W. Ong
Shawe & Rosenthal, LLP
20 S. Charles St., 11th Fl.
Baltimore, MD 21201
Telephone: (410) 752-1040
Facsimile: (210) 752-8861
Email: harrison@shawe.com
ong@shawe.com
(Motion for admission pro hac vice to be filed)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint was served using the Court's electronic filing system and by United States mail, first class postage pre-paid, on this December 1, 2010, to:

>Theodore S. Allison, Esquire
>Karr & Allison, PC
>1300 19th Street, N.W., Suite 402
>Washington, DC 20036

>
>Joel J. Borovsky, VA Bar No. 76519
>JACKSON LEWIS LLP
>10701 Parkridge Blvd., Suite 300
>Reston, VA 20191
>Telephone: (703) 483-8300
>Fax: (703) 483-8301
>borovsky@jacksonlewis.com
>
>Bruce S. Harrison
>Fiona W. Ong
>Shawe & Rosenthal, LLP
>20 S. Charles St., 11th Fl.
>Baltimore, MD 21201
>Telephone: (410) 752-1040
>Facsimile: (210) 752-8861
>Email: harrison@shawe.com
>ong@shawe.com
>(Motion for admission pro hac vice to be filed)