IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



SIMHAH TAMAR,

    Plaintiff,

v.       Civil Action No. 1:10-cv-1067

GEICO CASUALTY COMPANY,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Motion to Dismiss Counts II and III of the First Amended Complaint. Plaintiff Simhah Tamar filed a Complaint on September 24, 2010 alleging that Defendants GEICO Casualty Company, GEICO Indemnity Company, GEICO General Insurance Company, and Government Employees Insurance Co. engaged in religious discrimination, race discrimination, and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2006), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (2006), and state law.  Defendants filed a Partial Motion to Dismiss Counts II and III of the Complaint on December 1,

2010. The Court issued an Order on January 7, 2011 granting Defendants' Partial Motion to Dismiss and allowing Plaintiff fourteen days to file an Amended Complaint. Plaintiff filed her First Amended Complaint on January 21, 2011.

This action arises out of Plaintiff's application to work for Defendants as an insurance claims representative. Defendants interviewed her on July 17, 2008 but did not select her for a position. She is African-American, Jewish, and was forty-four years old at the time of non-selection. Plaintiff had applied for similar positions with Defendants twice before, and each time they did not select her despite telling her that she was qualified. Defendants provided Plaintiff with several reasons for her non-selection, including her lack of recent employment, frequent changes in jobs, gaps in her employment, past misdemeanor convictions, and the potential difficulty she would have obtaining a license for work as a claims representative. Plaintiff alleges that all of Defendants' reasons are pretext for discrimination.

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations contained in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, the factual allegations have to raise the right to relief above a speculative level. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Title VII prohibits an employer from refusing to hire any individual because of that individual's race. 42 U.S.C. § 2000e-2(a)(1) (2006). To establish a claim of racial discrimination under Title VII, Plaintiff has to show (1) that she is a member of a racial minority, (2) that she applied and was qualified for a job for which the employer was seeking applicants, (3) that she was rejected, and (4) that the position remained open and the employer continued to seek applications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Plaintiff's First Amended Complaint alleges that Defendants did not hire Plaintiff on the basis of her race, but she does not set forth facts that make her assertion plausible. The First Amended Complaint alleges that Plaintiff believes the persons who elected not to hire her "were not African American" and that Defendants "continued to seek applicants for the position, or, alternatively . . . filled the position with a person not in Plaintiff's protected class." Although the Amended Complaint conclusorily alleges that Defendants did not select her because

of her race, it does not provide factual support that establishes a plausible basis for believing that race was the true basis for her non-selection. Without such support, the allegations of race discrimination in the First Amended Complaint constitute mere speculation and must be dismissed.

Under the Age Discrimination in Employment Act, it is unlawful for an employer to refuse to hire any individual because of that person's age. 29 U.S.C. § 623 (2006). A plaintiff makes a showing of age discrimination by demonstrating that (1) he or she belonged to a protected age group, (2) was qualified and applied for an open position, (3) was not selected for the position, and (4) the position remained open or was filled by a similarly qualified younger person. Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006) (en banc). When an applicant's age factored into the employer's decision-making process and influenced the outcome, proof of discriminatory motive is imperative. Hazen Paper Co. v. Biggins, 507 U.S. 604, 609-10 (1993).

In her First Amended Complaint, Plaintiff states that she "believes, and based thereon alleges, that in refusing to hire her, Defendants were substantially or predominantly motivated by her age." She also "believes, and based thereon alleges, that Defendants, after rejecting Plaintiff's application, hired a person or persons under the age of 40 . . . ." However, she does

not articulate facts that demonstrate more than a sheer possibility that the Defendant acted unlawfully. "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotation marks omitted) (quoting Twombly, 550 U.S. at 557). Plaintiff has failed to set out facts that state a claim of age discrimination entitling her to relief.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
April 22, 2011

5