**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

```
F I L E D
OCT 1 8 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

SIMHAH TAMAR,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   Civil Action No. 1:10-cv-1067
                                       )
GEICO CASUALTY COMPANY,                )
et al.,                                )
                                       )
            Defendants.                )


**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants GEICO Casualty Company's, GEICO Indemnity Company's, GEICO General Insurance Company's, and Government Employees Insurance Company's Motion for Summary Judgment. This case concerns Plaintiff Simhah Tamar's ("Tamar") allegations that the above-styled GEICO Defendants ("GEICO"), in addition to committing age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (2006), engaged in religious and race based discrimination when they failed to hire her as a claims representative in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2006) ("Title VII").[1] The issue before the Court is

---

[1]The race and age based discrimination claims alleged in Counts II and III, respectively, were dismissed by this Court on April

whether Tamar has raised the inference of discrimination on the basis of religion under Title VII so as to create a triable issue of material fact.  The Court grants Defendants' Motion for Summary Judgment because it finds that Tamar has failed to adduce even a scintilla of evidence that her non-selection by GEICO was motivated by animus toward her religious beliefs.

This action arises out of Plaintiff Tamar Simhah's several applications to work for GEICO as an insurance claims representative.  Tamar asserts that the cumulative result of her non-selection on four different occasions with GEICO in 2004, 2006, 2008, and 2009, points to discrimination by GEICO on the basis of religion.  Tamar is African-American, Jewish, and was over forty years of age at the time of each non-selection. GEICO and its subsidiaries provide insurance solutions to customers in all fifty states.

Tamar first applied for positions at GEICO in 2004 and in 2006.  In 2004, she was interviewed but not hired.  Tamar admits, however, that she did not raise the issue of religious accommodation during that interview.  In fact, she was not hired in 2004 because her application was "STOP[ped] FOR LICENSE AND CAREER GOALS."  This flag was apparently raised because of a

_____

22, 2011.  Therefore, only Plaintiff Tamar's religious discrimination claim in Count I remains for purposes of Defendants' Motion.

2

1999 conviction Tamar had for misdemeanor assault, although Tamar was not informed of this as the reason for her non-selection at the time.  In 2006, Tamar again applied and alleges that she raised her religion in an interview, and was denied employment.  However, GEICO's records indicate that she was not interviewed with regard to either of her two applications submitted in 2006.  Moreover, GEICO showed that both of her 2006 applications were halted for "Conviction; licensing issue."

Tamar next interviewed on July 17, 2008 (the "2008 Interview") with GEICO for the position of claims representative.  During that interview, Tamar informed the GEICO interviewer that she adhered to the practices of the Jewish faith, including the weekly Shabbat/Sabbath, and would need religious accommodation on Saturdays.  Tamar alleges that GEICO informed her then that work on Saturdays was mandatory. However, GEICO asserts and Tamar acknowledges, that its interviewer left to check on the status of religious accommodation and upon return said, "I am so glad I spoke with my supervisor, when it is for religious commitments we have to accommodate you."  Ultimately, Tamar was not selected, despite being told she was qualified for the position.  GEICO indicated that she was not selected because of a misdemeanor conviction from 1999, which posed a concern about whether Tamar could be

licensed as a claims representative if hired, and because of
poor job stability since 2004.

Finally, Tamar applied for a claims representative position
again in January of 2009.  Tamar was not hired despite the fact
that this time GEICO had solicited her to apply.  GEICO again
offered the same litany of reasons for her non-selection, but
Tamar claims that the 2009 Claims Representative application
contains no such licensing clause or requirement.

Tamar alleges that she is fully qualified for every
position she sought with GEICO.  However, GEICO contends just
the opposite, and made an attempt to explain to Tamar the
reasons for non-selection.  GEICO explained that claims
representatives must be able to serve the jurisdictions within
the region that they are hired, and one or more states may
require insurance claims representatives to be licensed.  In
fact, the positions Tamar applied for in Fredericksburg,
Virginia serve the District of Columbia, Maryland, Virginia, and
also Delaware.  Delaware requires licensing of claims
representatives.  Thus, the fact of Tamar's 1999 conviction may
have prevented her ability to be licensed as a claims
representative by Delaware, a state which Tamar would be
expected to handle claims if hired by GEICO.  Tamar admits that
such a licensing qualification "makes sense," and that if GEICO
believed she could not be licensed in one of the jurisdictions

in which she would be doing business, that would be a legitimate concern and a reason for not hiring her. Despite GEICO's perception that she was not qualified because of her criminal history and her poor job stability, Plaintiff alleges that all of Defendants' reasons are pretext for discrimination.

Plaintiff Tamar exhausted her administrative remedies, and filed a Complaint on September 24, 2010. GEICO filed a Partial Motion to Dismiss Counts II and III of the Complaint on December 1, 2010. The Court issued an Order on January 7, 2011 granting Defendants' Partial Motion to Dismiss and allowing Tamar fourteen days to file an Amended Complaint. Tamar filed her First Amended Complaint on January 21, 2011. In her First Amended Complaint, Tamar alleges the following Counts: I (Religious Discrimination); II (Race Discrimination); and III (Age Discrimination). On February 2, 2011, GEICO filed a Motion to Dismiss Counts II and III of the First Amended Complaint. By Order dated April 22, 2011, this Court granted their Motion, dismissing Counts II and III from Tamar's Amended Complaint. The GEICO Defendants now move the Court for summary judgment pursuant to Federal Rule of Civil Procedure 56.

The Court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. Rule 56 mandates the entry of summary judgment

5

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a question of fact are adequate to support a jury verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).

In order to recover for a failure-to-hire claim of religious discrimination under Title VII, a plaintiff must establish that her religion was a factor in the decision at issue in one of two ways: by producing direct evidence that her religion was a factor in the defendant's decision, or by proffering indirect evidence that could reasonably create an inference of discrimination. Adams v. Univ. of North Carolina-Wilmington, 640 F.3d 550, 558 (4th Cir. 2011) (quoting Chalmers v. Tulon Co., 101 F.3d 1012, 1017 (4th Cir. 1996). Direct evidence consists of express statements by decision-makers that

the plaintiff's religion was a motivating factor in causing the

adverse employment decision.   Id.

Where a plaintiff has no direct evidence of discrimination,

the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973),

burden-shifting analysis applies.   Halperin v. Abacus Tech.

Corp., 128 F.3d 191, 196 (4th Cir. 1997).   Under that standard:

> First, the plaintiff has the burden of proving by the
> preponderance of the evidence a prima facie case of
> discrimination.   Second, if the plaintiff succeeds in
> proving the prima facie case, the burden shifts to the
> defendant "to articulate some legitimate, nondiscriminatory
> reason for the [plaintiff's] rejection." . . . Third,
> should the defendant carry this burden, the plaintiff must
> then have an opportunity to prove by a preponderance of the
> evidence that the legitimate reasons offered by the
> defendant were not its true reasons, but were a pretext for
> discrimination.

Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 248

(1981) (quoting McDonnell Douglas, 411 U.S. at 802.)   To

establish a prima facie case for non-selection, a plaintiff must

demonstrate:   (1) she is a member of a protected group; (2) she

applied for the position in question; (3) she was qualified for

the position; and (4) she was rejected for the position under

circumstances giving rise to an inference of unlawful

discrimination.   Brown v. McLean, 159 F.3d 898, 902 (4th Cir.

1998).   In this case, the Court need not wander into the second

and third steps of the McDonnell Douglas analysis because

Plaintiff fails to establish a prima facie case.

Tamar has offered no direct evidence or indirect evidence of discrimination and cannot, therefore, establish a prima facie case of religious discrimination under Title VII.  Although Plaintiff makes the threadbare allegation that in refusing to hire her, "Defendants were substantially or predominantly motivated by her religion," she has not proffered any evidence to support that conclusory allegation.  Indeed, Tamar supplies no affidavits or depositions, only conclusory allegations. Moreover, despite alleging that someone outside of Tamar's protected class was hired in her stead, Tamar has failed to adduce any evidence of the individual hired, or even that GEICO did in fact fill the position at all.  Tamar states, "[p]laintiff alleges the 2008 interview with Christine Spittle was discriminatory in leaving the interview to inquire of her supervisor the subject of shifts and religious observance as harassment."  However, this statement is left unsupported by any evidence that could or might identify similarly situated comparators.

Furthermore, Tamar has failed to demonstrate in any way that she was qualified for the positions in which she was denied employment.  To the contrary, she admits that she has a disqualifying criminal conviction on her record which supports her non-selection by the Defendants for that precise reason, and which is perhaps why she can only conclusorily allege that she

was qualified.  Tamar states in her Opposition, "[p]laintiff is fully qualified for positions in 2004, 2006, and [in] 2008 GEICO solicited employment of the plaintiff for two other positions as well as Claims Representative in 2009."  But without evidence to support her conclusion that she was qualified, let alone even a plausible articulation that discrimination was present, Tamar has not and cannot show that religion was a motivating factor in the Defendants' decision not to hire her.  As the foregoing demonstrates, Tamar has utterly failed to make such a showing on this record, and her arguments demand pure speculation.  Because there is absolutely no evidence that Tamar was qualified or to raise even the inference of discrimination, the Court need not explore this case through the lens of McDonnell Douglas any further, including Tamar's suggestion of pretext.  Accordingly, summary judgment for the Defendants is appropriate here because Plaintiff Tamar has failed to establish a prima facie case of religious discrimination under Title VII.

For the foregoing reasons, the Court will grant Defendants GEICO Casualty Company's, GEICO Indemnity Company's, GEICO General Insurance Company's, and Government Employees Insurance Company's Motion for Summary Judgment.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
October _18_, 2011